UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-409-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JAMES TIWUANA MURRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. Nos. 36, 39, 41). The Government has filed a response in opposition. (Doc. No. 44). Although Defendant is eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

## I. Background

In September 2019, Defendant attempted to rob a 7-Eleven store in Charlotte, North Carolina. (Doc. No. 32 ¶¶ 10–11). During the attempted robbery, Defendant shot the lone employee in the chest, causing permanent scarring. (Id. ¶ 11). When Defendant committed this offense, he had previously been convicted nine times of breaking and entering. (Id. ¶¶ 36–39). He received sentences of 5 to 15 months, 6 to 17 months, and 25 to 42 months in prison. (Id.). He was on probation when he attempted to rob the 7-Eleven. (Id. ¶ 39).

A federal grand jury indicted Defendant and charged him with Hobbs Act robbery, 18 U.S.C. § 1951; discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). Defendant pleaded guilty to the robbery and § 924(c) firearm offenses. (Doc. No. 18; Doc. No.

21). The United States later moved to dismiss the firearm charge consistently with United States v. Taylor, 979 F.3d 203 (4th Cir. 2020).

This Court's probation office submitted a presentence report and calculated a total offense level 28, which included a seven-offense-level increase because Defendant discharged a firearm during the robbery offense and a four-offense-level increase because Defendant's victim suffered serious bodily injury. (Doc. No. 32 ¶¶ 24–25, 33). Defendant's criminal history garnered five criminal-history points related to his prior convictions. (Id. ¶ 41). The probation office also assessed Defendant two criminal-history points because he committed his offense while he was on probation. (Id. ¶ 42). The probation office concluded that the Sentencing Guidelines advised a sentence of between 110 and 137 months in prison based on a total offense level of 28 and a criminal-history category of IV. (Id. ¶ 69). This Court sentenced Defendant to 137 months in prison at the top of the guideline range. (Doc. No. 34 at 2).

During his time in the Bureau of Prisons, Defendant has committed seven disciplinary infractions. (Doc. No. 40 at 2). These span from December of 2021 through January of 2024 and include two instances of fighting, one instance of threatening bodily harm, and one instance of possessing a dangerous weapon. (Id.). He has completed only one educational course — drug education. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.  Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18

U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. §

1B1.10(b)(2)(C).

### III. Analysis

Defendant is eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his robbery offense while he was on probation — a criminal-justice sentence. Under Amendment 821, he would not receive those criminal-history points because he received fewer than seven criminal-history points related to his prior convictions. Without those two criminal-history points, Defendant's criminal-history category would be reduced from category IV to category III. See U.S.S.G. ch. 5, part A. And his guideline range, based on a total offense level of 28 and a criminal-history category of III, would be reduced to 97 to 121 months in prison. See id.; Doc. No. 40 at 2. Defendant is eligible therefore for a sentence reduction to 97 months.

Nevertheless, the Court will in its discretion deny Defendant's motion. Even where a defendant is eligible for a sentence reduction under Amendment 821, the Court may still deny a reduction if the factors in 18 U.S.C. § 3553(a) weigh against a reduction. Defendant has a consistent record of committing violent criminal offenses, and his refusal to abide by the rules expected of him as a member of the community has continued in the Bureau of Prisons. He has committed seven disciplinary infractions, two of them violent. And he has completed only one educational course. The § 3553(a) factors weigh against a reduction in Defendant's sentence. That is, the nature of Defendant's offense conduct, his serious and persistent criminal history, the need to protect the public, and the need to deter Defendant and others from engaging in similar criminal misconduct weigh against a discretionary sentence reduction. the Court denies Defendant's motion for a sentence reduction under Amendment 821.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 36, 39, 41) is **DENIED**.

Signed: October 25, 2024

Max O. Cogburn Jr.
United States District Judge